PROSKAUER ROSE LLP
Joseph C. O'Keefe
Mark A. Saloman
PROSKAUER ROSE LLP
One Newark Center – 18th Floor
Newark, New Jersey  07102
Telephone:  (973) 274-3200
Fax:  (973) 274-3299
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            :    CASE NO.:  08 CIV 5059 (AKH)(HBP)
AMCOM SOFTWARE, INC.     :
                                            :
                Plaintiff,              :
                                            :
        vs.                              :
                                            :
SDC SOLUTIONS, INC. and     :
JOSEPH P. KOSAKOWSKI      :
                                            :    **DEFENDANTS' ANSWER TO**
                Defendants         :    **COMPLAINT OF**
_____:    **AMCOM SOFTWARE, INC.**

      NOW COME defendants, SDC Solutions, Inc. (hereinafter SDC) and Joseph P. Kosakowski (hereinafter Kosakowski), and answer the June 2, 2008 Complaint as follows:

      1.     Defendant SDC Admits, upon information and belief, the allegations set forth in paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Amcom's "products and services are used by more than 400 companies and agencies." Defendant Kosakowski denies knowledge or information sufficient to forma belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

      2.     Defendants admit the allegations set forth in paragraph 2 of the Complaint.

      3.     Defendants admit the allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Plaintiff seeks to invoke the Court's jurisdiction pursuant to the statutory sections cited therein.

5. Defendants deny the allegations in paragraph 5 of the Complaint, except admit that Plaintiff seeks to invoke the Court's jurisdiction pursuant to the statutory sections cited therein.

## FACTS

6. The allegations contained at paragraph 6 of the Complaint consist of mixed conclusions of law and fact, to which no answer is necessary. To the extent an answer is deemed necessary, the allegations contained at paragraph 6 of the Complaint are denied and plaintiff held to its proof thereupon.

7. The allegations contained in the first sentence of paragraph 7 of the Complaint are admitted. The remaining allegations contained at paragraph 7 of the Complaint are denied.

8. The allegations contained at paragraph 8 of the Complaint consist of mixed conclusions of law and fact, to which no answer is necessary. To the extent an answer is deemed necessary, the allegations contained at paragraph 8 of the Complaint are denied and plaintiff held to its proof thereupon.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. Defendant Kosakowski Admits that at the start of his employment with XTEND he was provided with an Employee Handbook and that the referenced Employee Handbook speaks for itself. Defendant Kosakowski denies the remaining allegations set forth in paragraph 10 of the Complaint. Defendant SDC denies knowledge or information sufficient to form belief

as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore, they are denied..

11.     Defendant Kosakowski states that the referenced section of the Employee Handbook speaks for itself.  Defendant Kosakowski denies the remaining allegations set forth in paragraph 11 of the Complaint.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore, they are denied.

12.     Defendant Kosakowski admits the allegations set forth in paragraph 12 of the Complaint.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore, they are denied.

13.     Defendant Kosakowski admits that he had some responsibility for the implementation of the "Goldmine" software while he was employed at XTEND, and that the software does manage customer data.  Defendant Kosakowski denies knowledge or information sufficient to form a belief as to whether "all" of XTEND's customer information was entered into the Goldmine database.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore, they are denied.

14.     Defendant Kosakowski admits the allegations contained in the first and second sentences of paragraph 14 of the Complaint.  Defendant Kosakowski denies the remaining allegations contained in paragraph 14 of the Complaint.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore, they are denied.

15.     Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore, they are denied.

16.     Defendant Kosakowski admits that the Goldmine database was password protected; that access and the ability to export data from Goldmine was limited; and that access to XTEND's offices required a key card.  Defendant Kosakowski denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16 of the Complaint, and therefore, they are denied.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore, they are denied.

17.     Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore, they are denied..

18.     Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore, they are denied..

19.     Defendant Kosakowski admits that he was not hired by Amcom.  Defendant Kosakowski denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and therefore, they are denied.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore, they are denied.

20.     Defendant Kosakowski denies the allegations set forth in paragraph 20 of the Complaint.  Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore, they are denied.

21.     Defendant Kosakowski denies the allegations contained in paragraph 21 of the Complaint. Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore, they are denied.

22.     Defendant Kosakowski states that the referenced section of the Employee Handbook speaks for itself. Defendant Kosakowski admits that he returned all XTEND property and that he purchased the referenced laptop from XTEND. Defendant Kosakowski denies the remaining allegations set forth in paragraph 22 of the Complaint. Defendant SDC denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore, they are denied.

23.     Defendants admit that the referenced laptop has hardware which enables connection to the internet. Defendants deny the remaining allegations set forth in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint consist of mixed conclusions of law and fact to which no answer is necessary. To the extent an answer is deemed necessary, the allegations contained at paragraph 24 of the Complaint are denied.

25.     Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in the first sentence of paragraph 27 of the Complaint, except admit that a letter was sent to some of XTEND's customers. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and therefore, they are denied.

28.     Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in the first sentence of paragraph 30 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 30 of the Complaint, and therefore, they are denied.  Defendants deny the allegations contained in the third and final sentence of paragraph 30 of the Complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 31 of the Complaint, and therefore, they are denied.  The Defendants deny the remaining allegations contained at paragraph 31 of the Complaint.

32.     Defendants admit that Amcom has demanded the return of certain data and information.  The remaining allegations of paragraph 32 of the Complaint are denied.

## COUNT I

33.     Defendants repeat and reallege their answers to the allegations contained at paragraphs 1 through 32 of the Complaint, and incorporate them herein by reference.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph 34 of the Complaint, and they are, therefore, denied.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants admit that Amcom has demanded the return of certain data and information.  The remaining allegations of paragraph 37 of the Complaint are denied.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

## COUNT II

41. Defendants repeat and reallege their answers to the allegations contained at paragraphs 1 through 40 of the Complaint, and incorporate them herein by reference.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

## COUNT III

46. Defendant Kosakowski repeats and realleges his answers to the allegations contained at paragraphs 1 through 45 of the Complaint, and incorporate them herein by reference.

47. Defendant Kosakowski states that the referenced document speaks for itself. Defendant Kosakowski denies the remaining allegations set forth in paragraph 47 of the Complaint.

48. Defendant Kosakowski states that the referenced document speaks for itself. Defendant Kosakowski denies the remaining allegations set forth in paragraph 48 of the Complaint.

49. Defendant Kosakowski denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant Kosakowski denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant Kosakowski denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant Kosakowski denies the allegations set forth in paragraph 52 of the Complaint.

## COUNT IV

53. Defendant SDC repeats and realleges its answers to the allegations contained at paragraphs 1 through 52 of the Complaint, and incorporate them herein by reference.

54. Defendant SDC denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant SDC denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant SDC denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant SDC denies the allegations set forth in paragraph 57 of the Complaint.

## COUNT V

58. Defendants repeat and reallege their answers to the allegations contained at paragraphs 1 through 57 of the Complaint, and incorporate them herein by reference.

59. Defendants admit the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 60 of the Complaint, and therefore, they are denied.  The remaining allegations contained at paragraph 60 of the Complaint are denied.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and therefore, they are denied.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

## COUNT VI

65. Defendant Kosakowski repeats and realleges his answers to the allegations contained at paragraphs 1 through 64 of the Complaint, and incorporates them herein by reference.

66. The allegations in paragraph 66 of the Complaint constitute legal conclusions requiring no response. To the extent an answer is deemed necessary, the allegations contained at paragraph 66 of the Complaint are denied and plaintiff held to its proof thereupon.

67. Defendant Kosakowski denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant Kosakowski denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant Kosakowski denies the allegations set forth in paragraph 69 of the Complaint.

## COUNT VII

70. Defendant Kosakowski repeats and realleges his answers to the allegations contained at paragraphs 1 through 69 of the Complaint, and incorporate them herein by reference.

71. Defendant Kosakowski denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant Kosakowski denies the allegations set forth in paragraph 72 of the Complaint.

73.     Defendant Kosakowski denies the allegations set forth in paragraph 73 of the Complaint.

The remaining allegations contained in the Complaint consist of prayers for relief, to which defendants object and to which no answer is necessary.

By way of further answer, defendants interpose the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, its not entitled to recover punitive damages. There is no basis, legal or factual, for any demand for punitive damages.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and corresponding state constitutional provisions.

### FOURTH AFFIRMATIVE DEFENSE

By virtue of Amcom's conduct, its claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or its recoverable damages should be

reduced, because they have incurred no compensatory, consequential, or other damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendants.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, or its recoverable damages should be reduced, because it failed to take reasonable steps to mitigate its damages.

### EIGHTH SEPARATE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe for adjudication.

### RESERVATION OF RIGHTS

Defendants expressly reserve the right to assert such additional Affirmative Defenses as may be supported by facts and evidence to be determined through further discovery in this proceeding.

**WHEREFORE**, Defendants hereby demand judgment against Amcom dismissing the Complaint in its entirety, with prejudice, together with an award of reasonable attorney's fees,

the costs and disbursements of this action, and such other and further relief as the Court deems just, proper and equitable.

| | |
|---|---|
| Dated:  June 20, 2008 | By:     s/ Joseph C. O'Keefe<br>*Attorneys for Defendants*<br>Joseph C. O'Keefe<br>Mark A. Saloman<br>PROSKAUER ROSE LLP<br>One Newark Center – 18th Floor<br>Newark,  New  Jersey    07102<br>Telephone:  (973) 274-3200<br>Fax:  (973) 274-3299<br>*jokeefe@proskauer.com*<br>*msaloman@proskauer.com*<br><br>George T. Campbell, III<br>Tracey Cote<br>Robert Stein & Associates, PLLC<br>Attorneys at Law<br>One Barberry Lane<br>PO Box 2159<br>Concord, New Hampshire 03302-2159<br>Telephone: (603) 228-1109<br>Fax: (603) 228-5326<br>*gcampbell@robertsteinandassociates.com*<br>*tcote@robertsteinandassociates.com*<br>*Admitted Pro Hac Vice* |